UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 3:13-cv-00102-TJC/JRK

RONALD GOODIN and DEBORAH J. GOODIN,

      Plaintiffs,

vs.

BANK OF AMERICA, N.A.,

      Defendant.
_____/

## DEFENDANT BANK OF AMERICA, N.A'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant BANK OF AMERICA, N.A ("Bank of America"), through undersigned counsel, moves to dismiss Plaintiffs Ronald Goodin and Deborah J. Goodin's (collectively "Plaintiffs") Third Amended Complaint.

## BACKGROUND

Plaintiffs executed a note and mortgage in favor of Taylor, Bean & Whitaker ("TBW"). That mortgage became the subject of a mortgage foreclosure suit brought by Bank of America against the Plaintiffs in the Fourth Circuit Court in and for Duval County, Florida as Case Number 16-2012-CA-010285-XXXX0MA ("the state court foreclosure action"). Bank of America filed suit in the state court foreclosure action as the servicer of the mortgage. On or about November 12, 2012 Plaintiffs filed a Counterclaim against Bank of America in the state court foreclosure action. The Counterclaim contains allegations of violations of the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act by Bank of America. On or about March 22, 2013, Bank of America voluntarily dismissed the foreclosure suit. On or about April 15, 2013, Plaintiffs filed "Defendants' Request for Order and Judgment Awarding Attorney's Fees" in the state court

foreclosure action. A copy of the docket for the state court foreclosure action is attached as **Exhibit A**

Plaintiffs motion to attorney's fees is still pending in the state court foreclosure action. There has been no final adjudication of the matter in the state court foreclosure action. Despite the pendency of the state court foreclosure action, Plaintiffs have filed suit in this Court. In their Third Amended Complaint, Plaintiffs allege Bank of America violated two statutes: (1) the Federal Fair Debt Collection Practices Act (FDCPA) and (2) the Florida Consumer Collections Practices Act. For the following reasons, Bank of America respectfully requests this Court dismiss Plaintiffs' Complaint.

## LAW AND ARGUMENT

Plaintiffs' Third Amended Complaint should be dismissed because the Third Amended Complaint raises issues that are pending in the state court foreclosure action. Second, Plaintiffs' FDCPA action should be dismissed since Bank of America, as servicer of the loan, is not subject to FDCPA liability.

**I.     Plaintiffs' Amended Complaint Should Be Dismissed Because the Issues Raised Are Currently Being Litigated in State Court**

In *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800 (1976), the United States Supreme Court held that a district court can "dismiss or stay an action when there is an ongoing parallel action in state court." All of Plaintiffs' allegations can be heard in the underlying state court foreclosure action which is currently still pending. The foreclosure action was filed prior to the instant federal lawsuit. No Final Judgment has been entered by the court in the state court foreclosure

– 2 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

action. As such, the Court should abstain from exercising jurisdiction over the parties regarding the Third Amended Complaint.[1]

Plaintiffs' claims against Bank of America should be litigated in the pending state court foreclosure action. In addition to wasting judicial resources, by hearing this action, the Court may also raise unnecessary complications. For example, if the state court foreclosure court rules on the Plaintiffs' Counterclaim in the state court foreclosure proceeding, the issues raised in Plaintiffs' Third Amended Complaint would be barred by collateral estoppel. *See Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413 (S.D.N.Y. 2008) (New York state court decision granting mortgagee's motion for summary judgment on foreclosure action against mortgagors precluded, under doctrine of res judicata, mortgagors' federal court action against mortgagee asserting a claim under the Real Estate Settlement Procedures Act (RESPA); mortgagors had alleged in their complaint the same facts and incidents they asserted in their answer to the foreclosure action, and mortgagors could have presented the same claims asserted in federal action, including the RESPA claim, as defenses or counterclaims in the action for foreclosure); *Gray v. Bankers Trust Co. of Albany, N.A.*, 442 N.Y.S.2d 610, 612 (App.Div.1981) ("A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded.").

---

[1] "A federal court's decision on whether to abstain from exercising jurisdiction over a case before it, when there is a pending state case addressing the same issues, is committed to the discretion of the district court." *Marshak v. Sheppard*, 659 F. Supp. 907, 908 (S.D.N.Y. 1987); *Mabie v. Garden St. Mgmt. Corp.*, 397 So. 2d 920, 921 (Fla. 1981) ("When two actions between the same parties are pending in different circuits, jurisdiction lies in the circuit where service of process is first perfected."); *State v. Harbour Island, Inc.*, 601 So. 2d 1334 (Fla.2d DCA 1992) ("It is well established that when a previously filed federal action is pending between the same parties on the same issues, a subsequently filed state court action ordinarily should be stayed until the determination of the federal action.").

Next, the Plaintiffs' causes of action against Bank of America should be litigated in the state court proceeding because such actions constitute compulsory counterclaims to the foreclosure action. *See Douglas v. NCNB Texas Nat. Bank*, 979 F.2d 1128, 1129-30 (5th Cir. 1992) ("Fed.R.Civ.P. 13(a) provides that a counterclaim is compulsory if it arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim. Under rule 13(a), FRBA's debt collection claims against DDI and Douglas might very well constitute compulsory counterclaims."); *Plant v. Blazer Fin. Services,* 598 F.2d 1357, 1363-65 (5th Cir.1979) (holding that a state debt counterclaim in a federal truth-in-lending action is compulsory under Fed.R.Civ.P. 13(a)); *Springs v. First Nat. Bank of Cut Bank*, 835 F.2d 1293, 1295-96 (9th Cir. 1988) ("The district court correctly found the "transaction" was the financing of Springs' home. Springs' theory of liability was based on the Bank's allegedly negligent conduct prior to instituting the foreclosure action. Springs' negligence claim, thus, should have been brought as a compulsory counterclaim in the Bank's prior foreclosure action."). Plaintiffs' filing of the Counterclaim in the state court foreclosure action is evidenced of the fact that Plaintiffs are aware that the claims brought in the state court foreclosure action Counterclaim are compulsory counterclaims.

Accordingly, this Court should abstain from hearing the instant action and Plaintiffs' Third Amended Complaint should be dismissed because the issues raised are currently being litigated in the state court foreclosure action.

**II.    Plaintiff's FDCPA Cause of Action Fails as a Matter of Law Because Bank of America is Not a "Debt Collector"**

Plaintiffs' seek to recover damages from Bank of America for an alleged violation of the FDCPA. However, Plaintiffs' claim must be dismissed because Bank of America is not a "debt collector" as defined by the FDCPA. Because the FDCPA does not apply to Bank of America, Plaintiff will never be able to allege any valid FDCPA claims against Bank of America.

In order for Plaintiffs to prevail on their FDCPA claim, they must demonstrate that; "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.* 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla. 2000) (citing *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 470 (M.D. La. 1995)).

Bank of America is not a debt collector under the FDCPA as required by the second prong of the test set forth in *Kaplan*. Mortgage servicing companies do not constitute "debt collectors" under the FDCPA. *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009); *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011); *Locke v. Wells Fargo Home Mortg.,* No. 10–60286–Civ, 2010 WL 4941456, at *2 (S.D.Fla. Nov.30, 2010) (dismissing FDCPA claim with prejudice and explaining that, "[s]ince [the defendant] was the mortgage company servicing the Plaintiff's mortgage, it cannot be liable as a 'debt collector' under section 1692").

According to the allegations in the Plaintiffs' Third Amended Complaint, Bank of America (and its predecessor BAC Home Loans) is the servicer of the loan[2]. This is beyond dispute. Accordingly, Bank of America is not a debt collector under the FDCPA. As a result, Plaintiffs cannot prevail on their FDCPA claim and Count I of Plaintiffs' Third Amended Complaint should be dismissed with prejudice.

Plaintiffs attempt to dance around this issue by carefully wording their Third Amended Complaint and removing key allegations that were contained in their prior pleadings. However, no amount of linguistic maneuvering can avoid the fact that the loan was not in default at the time that BAC Home Loans began servicing the loan. BAC Home Loans took over the servicing of the loan

---

[2]Third Amended Complaint Paragraph 18.

– 5 –

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

after the Plaintiffs had begun their Chapter 13 bankruptcy plan. Thus, the automatic stay provisions of 11 USC § 362 were in effect at the time that BAC Home Loans took over the servicing of the loan. As the Plaintiffs were within the protections afforded by the Bankruptcy Code, the loan could not have been deemed in default at the time that BAC Home Loans took over the servicing. Further, a Chapter 13 plan had been established for the Plaintiffs and the Plaintiffs have admitted that they were in full compliance with the Chapter 13 plan.

Plaintiffs contend that BAC Home Loans took over the servicing of the loan after the loan was in default, however that contention is contradicted by the Plaintiffs' own allegations. In paragraphs 36 and 38 of their original Complaint, Plaintiffs admitted that they made all payment owed under their bankruptcy plan. In paragraph 29 of the Amended Complaint, Plaintiffs alleged that they made payment for every month due. In paragraph 48 of the Third Amended Complaint, Plaintiffs allege that they "fully complied with their Chapter 13 Plant". In exhibit A to the Third Amended Complaint, Plaintiff Ronald Goodin states that he was "able to complete (payoff)" his bankruptcy plan. Further, the Chapter 13 Plan itself is evidence that the loan was not in default during the pendency of the Chapter 13 plan. Pursuant to 11 USC § 1222(b), a bankruptcy plan provides for the "curing or waiving of any default", which is the case with the Chapter 13 Plan the Bankruptcy Court set out for the Plaintiffs. In Section B(1) of the Chapter 13 Plan (attached as Exhibit A to the Third Amended Complaint), the monthly payments outlined in the Chapter 13 Plan cured any alleged default. That is, the imposition of the Chapter 13 Plan *is* the curing of the default and the bringing current of the loan. The loan was no longer in default upon the enactment of the Chapter 13 Plan, and since BAC Home Loans took over the servicing of the loan during the course of the Chapter 13 plan, which the Plaintiffs alleged they fully complied with and completed, the loan was not in default at the time BAC Home Loans became the servicer of the loan.

LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

It is evident that the Plaintiffs contend that they made all payments due under their Chapter 13 plan. To that end, it is axiomatic that the Plaintiffs' loan was not in default at the time that Bank of America took over the servicing of the loan. Since the Plaintiffs contend that they were current on the loan at the time that BAC Home Loans became the servicer of the loan, and since the loan was not in default at the time that BAC Home Loans became the servicer of the loan, neither BAC Home Loans nor Bank of America are debt collectors under the FDCPA.

## STANDARD OF REVIEW

As explained by this Court:

> When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 323, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir.1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.,* 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

*Jozwiak v. Stryker Corp.*, 6:09CV1985ORL19GJK, 2010 WL 743834 (M.D. Fla. Feb. 26, 2010).

WHEREFORE, Bank of America requests an Order dismissing the Plaintiffs' entire Third Amended Complaint or dismissing Plaintiffs' FDCPA claim.

    Respectfully submitted,

    /s/   Andrew Kemp-Gerstel
    J. RANDOLPH LIEBLER
    Florida Bar No. 507954
    E-mail:  jrl@lgplaw.com
    ANDREW KEMP-GERSTEL
    Florida Bar No. 0044332
    E-mail: akg@lgplaw.com
    Attorneys for Bank of America, N.A.
    **LIEBLER, GONZALEZ & PORTUONDO, P.A.**
    Courthouse Tower - 25th Floor
    44 West Flagler Street
    Miami, FL 33130
    Telephone:  (305) 379-0400
    Fax:  (305) 379-9626

– 8 –

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

– 9 –

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of September, 2013, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

 /s/ Andrew Kemp-Gerstel
ANDREW KEMP-GERSTEL

\\lgp-fs01\Data\645-13-HLI-0644\Pleadings (Working File)\M-Dismiss Third Amended Complaint.wpd