# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## CASE NO. 3:13-cv-00102-TJC/JRK

RONALD GOODIN and DEBORAH J. GOODIN,

      Plaintiffs,

vs.

BANK OF AMERICA, N.A.,

      Defendant.

_____/

## BANK OF AMERICA'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant, BANK OF AMERICA, N.A. ("Bank of America"), by and through undersigned counsel, respectfully answers in response to the allegations contained in the Third Amended Complaint, subject to its Affirmative Defenses as follows:

### Jurisdiction

1. Denied in that 15 USC 1692k(d) does not apply to Defendant in this scenario.

2. Denied.

3. Defendant denies that any cause of action accrued and admits the remainder of 3.

### Parties

4. Denied.

5. Denied.

6. Defendant denies wrongfully commencing a foreclosure action. The remainder is admitted.

### Factual Allegations

7. Admitted.

8. Defendant is without sufficient information as to admit or deny the allegations as stated in 8 and the allegations are therefore denied.

9. Admitted.

10. Defendant is without sufficient information as to admit or deny the allegations as stated in 10 and the allegations are therefore denied.

11. Defendant is without sufficient information as to admit or deny the allegations as stated in 11 and the allegations are therefore denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.

17. Defendant is without sufficient information as to admit or deny the allegations as stated in 17 and the allegations are therefore denied.

18. Admitted.

19. Defendant is without sufficient information as to admit or deny the allegations as stated in 19 and the allegations are therefore denied.

20. Defendant is without sufficient information as to admit or deny the allegations as stated in 20 and the allegations are therefore denied.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

21. Defendant is without sufficient information as to admit or deny the allegations as stated in 21 and the allegations are therefore denied.

22. Defendant is without sufficient information as to admit or deny the allegations as stated in 22 and the allegations are therefore denied.

23. Defendant is without sufficient information as to admit or deny the allegations as stated in 23 regarding who send the letter and the allegations are denied. The remainder is admitted.

24. Denied.

25. Defendant is without sufficient information as to admit or deny the allegations as stated in 25 and the allegations are therefore denied.

26. Denied.

27. Defendant admits that Plaintiffs made some payments to BAC.

28. Defendant is without sufficient information as to admit or deny the allegations as stated in 28 regarding Plaintiffs' receipt of correspondence, whether they called Defendant and whether Plaintiffs were supposed to be current on their loan. Thus, those allegations are denied. The remainder is admitted.

29. Defendant is without sufficient information as to admit or deny the allegations as stated in 29 and the allegations are therefore denied.

30. Defendant is without sufficient information as to admit or deny the allegations as stated in 30 and the allegations are therefore denied.

31. Defendant is without sufficient information as to admit or deny the allegations as stated in 31 and the allegations are therefore denied.

32. Denied.

33. Denied.

34. Admitted.

35. Defendant denies making a false statement or that Defendant refused to take funds from the registry or wrongfully applied charges. The remainder is admitted.

36. Defendant is without sufficient information as to admit or deny the allegations as stated in 36 and the allegations are therefore denied.

37. Defendant admits that the February 10, 2012 correspondence contained the statements reflected in the subparts to 37. Defendant is without sufficient information as to admit or deny the remainder of the allegations as stated in 37 and the allegations are therefore denied.

38. Denied.

39. Admitted.

40. Admitted.

## Count I – FDCPA

41. Plaintiffs reallege 1 through 40.

42. Denied.

43. Admitted.

44. Denied.

45. Denied.

46. Denied.

47. Defendant is without sufficient information as to admit or deny the allegations as stated in 47 and the allegations are therefore denied.

48. Defendant is without sufficient information as to admit or deny the allegations as stated in 48 and the allegations are therefore denied.

49. Defendant admits that Plaintiffs made some payments to BAC.

50. Defendant admits that some of Plaintiffs' attempted payments were rejected and returned. The remainder of 50 is denied.

51. Defendant admits that Defendant filed a suit to foreclose. The remainder of 51 is denied.

52. Denied.

53. Denied.

54. Denied.

## Count II – FCCPA

55. Plaintiffs reallege 1 through 40.

56. Admitted.

57. Denied.

58. Defendant is without sufficient information as to admit or deny the allegations as stated in 58 and the allegations are therefore denied.

59. Denied.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

64. Defendant is without sufficient information as to admit or deny the allegations as stated in 64 and the allegations are therefore denied.

65. Defendant admits that Plaintiffs made some payments to BAC.

66. Defendant admits that some of Plaintiffs' attempted payments were rejected and returned. The remainder of 66 is denied.

67. Defendant admits filing suit to foreclose. The remainder of 67 is denied.

68. Denied.

69. Denied.

70. Denied.

Plaintiffs' demand for jury trial has been stricken or withdrawn.

## AFFIRMATIVE DEFENSES

1. **Bank of America is not a debt collector under the FDCPA.** Bank of America is not subject to liability under the FDCPA since Bank of America never acted as a "debt collector" with regard to Plaintiffs.

2. **Bona Fide Error under FDCPA and FCCPA**. Any violation of the FDCPA or FCCPA by Bank of America was unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adopted to avoid any such violation or error.

3. **Bank of America did not knowingly try to collect and invalid debt nor did Bank of America knowingly claim an invalid right**. Bank of America did not claim, attempt, or threaten to enforce a debt while knowing that the debt was not legitimate, nor did Bank of America assert the existence of some other legal right while knowing that the right did not exist.

4. **Wrongful Conduct Not Intentional or Willful**. At all times relevant to the allegations, Bank of America acted in good faith in its dealings with Plaintiffs.

        Respectfully submitted,

        /s/   Andrew Kemp-Gerstel
        J. RANDOLPH LIEBLER
        Florida Bar No. 507954
        E-mail:  jrl@lgplaw.com
        ANDREW KEMP-GERSTEL
        Florida Bar No. 0044332
        E-mail: akg@lgplaw.com
        Attorneys for Bank of America, N.A.
        **LIEBLER, GONZALEZ & PORTUONDO, P.A.**
        Courthouse Tower - 25th Floor
        44 West Flagler Street
        Miami, FL 33130
        Telephone:  (305) 379-0400
        Fax:  (305) 379-9626

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of May, 2014, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

        /s/ Andrew Kemp-Gerstel
        ANDREW KEMP-GERSTEL

Z:\645-D-13-HLI-0644RH\Pleadings (Working File)\Answer.docx