UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| RONALD GOODIN AND DEBORAH J. GOODIN,<br><br>Plaintiffs<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 3:13-cv-00102-TJC-JRK |

**PLAINTIFFS' AMENDED PRETRIAL DISCLOSURES**

Plaintiffs, Ronald Goodin and Deborah J. Goodin, through the undersigned counsel, pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 3.06(b), hereby make the following amended disclosures:[1]

**I. WITNESSES**

    A. Witnesses Plaintiffs Expect to Present

        1.    Ronald Goodin

        2.    Deborah J. Goodin

        3.    Tangeia Harrell

        4.    Michael Foster

    B. Witnesses Plaintiffs May Call if the Need Arises

        1.    To the extent Tangeia Harrell and Michael Foster are unavailable (which should not be an issue because Defendant's counsel stated that he would provide these

---

[1] Amended to supplement Plaintiffs' Pretrial Disclosures filed August 12, 2014 (DE 69).

witnesses and has listed them on Defendant's witness list) or unqualified, a corporate representative of Defendant qualified to testify to the following issues (subpoena to follow):

    a. The meaning of the entry/information memorialized in the AS400 Notes Log appearing at BOA 0230-0231, "SECTION—00121."

    b. The meaning of the entry/information memorialized in the AS400 Notes Log appearing at BOA 0234, "SECTION—00010."

    c. Defendant's policies that apply where borrowers who are delinquent on their home loan, which is included in their Chapter 13 plan, which delinquencies are being paid by the bankruptcy trustee, when the borrower's default on their Chapter 13 plan, which leads to a dismissal of their bankruptcy, leaving delinquencies on the home loan that were not cured by payments from the bankruptcy trustee

    d. The relationship between Plaintiffs and Defendant; BAC Home Loans Servicing, LP, and Bank of America, National Association; the relationship between Taylor, Bean, & Whitaker Mortgage Corp. ("TBW") and Defendant.

    e. The terms, and the Parties rights and obligations under, the subject Note and Mortgage.

    f. The boarding of the subject loan onto Defendant's loan servicing system.

g. The steps Defendant took to notify the Bankruptcy Court/Trustee of the loan servicing transition from TBW to Defendant and to release the funds being held in the unclaimed funds registry.

h. The transfer of Plaintiffs' loan from Defendant's Bankruptcy Department to Defendant's Foreclosure Referral Review department.

i. Defendant's responses, actions, or investigations to the concerns Plaintiffs expressed to Defendant about improper loan servicing by phone call, letter, email, or personal appearance at a Bank of America branch, including but not limited to in relation to Plaintiffs' Response to Defendant's First Request for Production bates ranges RESRFP 1, 4-5, 17, 19, 26-27, 204, 205-213, and BOA 0199-0214.

j. The application of payments in the payment history.

k. Defendant returning of checks in the amount of $1,226.55 dated April 1, 2012; April 27, 2012; May 30, 2012; July 1, 2012; July 30, 2012; and September 1, 2012.

l. Any of Defendant's responses to Plaintiff's discovery requests.

2. Justin Holcombe, Confirmed Plan/Claims Administrator, Office of Douglas W. Neway, Chapter 13 Trustee; 200 W. Forsyth St., Suite 1520, Jacksonville, FL 32202; 904-358-6465.

3. Record custodian or other qualified witness of Defendant to provide foundation for any records/documents produced by Defendant identified herein.

4. Record custodian for Jacksonville Area Legal Aid, Inc. ("JALA") or other qualified witness to provide foundation for letter from JALA to Plaintiffs—RESRFP164. 126 W. Adams St.; Jacksonville, FL 32202; 904-356-8371.

5. Record custodian or other qualified witness of Douglas W. Neway, Chapter 13 Standing Trustee to provide foundation for any records/documents from the same identified herein. 200 W. Forsyth St., Suite 1520, Jacksonville, FL 32202; 904-358-6465.

6. Felecia Walker f/k/a Felecia Falana; 3731 Hendricks Ave; Jacksonville, FL 33208; 904-404-3394—to authenticate letter from Parker & DuFresne, P.A. to BOA—BOA 0057-63.

7. Plaintiffs reserve the right to call any witnesses listed by Defendant.

8. Plaintiffs reserve the right to call any witnesses arising out of discovery not completed to date.

9. Plaintiffs reserve the right to call impeachment and rebuttal witnesses, as necessary.

10. Plaintiffs reserve the right to amend and/or supplement this Witness List as at any time in the future.

## II. WITNESSES TESTIMONY TO BE PRESENTED BY DEPOSITION

1. Deposition of Michael Foster, Defendant's Rule 30(b)(6) corporate representative—taken September 6, 2013 (only if Mr. Foster is unavailable, which should not be a problem because Defendant's counsel stated he would provide him as a witness, and listed him in Defendant's witness list).

2. Deposition of Tangeia Harrell, Defendant's Rule 30(b)(6) corporate representative—taken August 27, 2013 (only if Ms. Harrell is unavailable, which should

not be a problem because Defendant's counsel stated he would provide her as a witness, and listed her in Defendant's witness list).

## III. EXHIBITS

### A. Exhibits Plaintiffs Expect to Offer

1. The Note for the Subject Property.

2. The Mortgage for the Subject Property.

3. Plaintiffs' Chapter 13 Plan (Doc. 9) filed in In re Ronald W. Goodin et al., Case No. 3:09-bk-1061-PMG.

4. Plaintiffs' Modified Confirmed Chapter 13 Plan (Doc. 32) filed in In re Ronald W. Goodin et al., Case No. 3:09-bk-1061-PMG.

5. Plaintiffs' Second Modified Confirmed Chapter 13 Plan (Doc. 43) filed in In re Ronald W. Goodin et al., Case No. 3:09-bk-1061-PMG.

6. Mailing from Plaintiffs to Defendant, stamped as received by Defendant's Customer Service Department on December 17, 2009, and stamped as received by Defendant's Bankruptcy Department on December 18, 2009, consisting of Creditor Inquiry Response Form, Notice of Assignment, Sale, or Transfer of Servicing Rights, and partial payment history—BOA 0046-0050.

7. Letter from Defendant regarding information about fees that may be charged to Plaintiffs' loan while in default status—RESRFP21.

8. Letter from Plaintiffs to Brian Moynihan—RESRFP151-157.

9. Letter from Defendant regarding past due payment—RESRFP41.

10. Partial Statement—RESRFP66.

11. Partial statement—RESRFP67-69.

12. Partial statement—RESRFP70-72.

13. Partial statement—RESRFP73-75.

14. Partial statement—RESRFP76-78.

15. Partial statement—RESRFP82.

16. Statement—RESRFP79-81

17. Partial statement—RESRFP83-85.

18. Letter from Defendant—RESRFP86-92.

19. Notice of Intent to Accelerate and information on foreclosure avoidance—RESRFP93-97

20. Letter from Defendant dated December 28, 2001, returning a $703.31 check, claiming a partial payment.

21. Letter from Defendant regarding past due payments—RESRFP99-100.

22. Letter from Defendant regarding insufficient payment—RESRFP135.

23. Letter from Defendant regarding insufficient payment—RESRFP133.

24. Letter from Defendant regarding account being seriously delinquent—RESRFP128-129.

25. Letter from Defendant regarding insufficient payment—RESRFP127.

26. Letter from Parker & DuFresne, P.A. to Defendant—BOA 0057-63.

27. Letter from Defendant regarding account being seriously delinquent—RESRFP125.

28. Letter from Defendant regarding insufficient payment—RESRFP123.

29. Letter from Defendant regarding account being seriously delinquent—RESRFP120-121.

30. Letter from Defendant regarding referral of the Subject Loan to Defendant's Foreclosure Review Committee—RESRFP259.

31. Verified Complaint for foreclosure, filed in Duval County Case No. 2012-CA-10285.

32. Statement—RESRFP147-150.

33. Rejected checks and accompanying letter--RESRFP251-260.

34. Defendant's Notice of Voluntary Dismissal

35. Defendant's Transfer of Claim Other than for Security (Doc. 74) filed in <u>In re Ronald W. Goodin et al.</u>, Case No. 3:09-bk-1061-PMG.

36. Printout from U.S. Bankruptcy Court: Middle District of Florida: Funds Unclaimed Directory—RESRFP213.

37. Defendant's Motion for Payment of Unclaimed Funds (Doc. 78) filed in <u>In re Ronald W. Goodin et al.</u>, Case No. 3:09-bk-1061-PMG.

38. Bankruptcy Court's Order Granting Motion for Payment of Unclaimed Funds (Doc. 79) filed in <u>In re Ronald W. Goodin et al.</u>, Case No. 3:09-bk-1061-PMG.

39. Payment History as of 8/12/13, emailed to Austin Brown by Andrew Kemp-Gerstel on August 27, 2013.

40. AS400 Loan Servicing History—BOA 0171-BOA 0250.

41. Two Letters that Defendant sent to Plaintiffs titled "REINSTATEMENT CALCULATION," dated October 24, 2013, and October 29, 2013 respectively.

42. Letter from Selene Finance to Plaintiffs dated November 13, 2014.

43. Foreclosure counter-claim filing fee—RESRFP146.

44. Printout of internet inquiry from Plaintiffs—RESRFP160.

45. Printout of Defendant's response to internet inquiry—RESRF161.

46. Servicing transfer letter—RESRFP172.

47. Servicing transfer letter—RESRFP163.

48. Certified mail receipt for letter sent by Plaintiffs to Brian Moynihan—RESRFP203.

49. Printout from U.S. Bankruptcy Court: Middle District of Florida: Funds Unclaimed Directory dated October 8, 2013—attached to Plaintiffs' Response to Defendant's Motion for Summary Judgment.

50. Copies of checks Plaintiffs paid toward the Subject Loan since August 2009—RESRFP214-248.

51. Email from Duane Dumler to elooker@defaultawfl.com, dated March 8, 2010.

52. Order Granting Debtors' Motion to Modify Confirmed Plan (Doc. 41) filed in In re Ronald W. Goodin et al., Case No. 3:09-bk-1061-PMG.

53. Order Granting Debtors' Motion to Modify Confirmed Plan (Doc. 45) filed in In re Ronald W. Goodin et al., Case No. 3:09-bk-1061-PMG.

54. Report of Standing Trustee (Doc. 52) filed in In re Ronald W. Goodin et al., Case No. 3:09-bk-1061-PMG.

55. Chapter 13 Trustee's Final Report and Account (Doc. 53) filed in In re Ronald W. Goodin et al., Case No. 3:09-bk-1061-PMG.

56. Proof of Claim 4-1 for Taylor, Bean & Whitaker Mortgage Corp., filed in In re Ronald W. Goodin et al., Case No. 3:09-bk-1061-PMG.

57. Schedules RI and RC, among other possible schedules, of Defendant's most recent Consolidated Report of Condition and Income for a Bank with Domestic and Foreign Offices, also known as FFIEC Call/TFR Report ("Call Report") filed with the FDIC. At this time it appears the most recent Call Report will be for the Call Report Quarter End Date 12/31/14. These reports can be found on the FDIC website: http://www.fdic.gov.

58. Loss Mitigation Home Base Work Action History – 22499871. BOA 0155-0166.

59. Defendant's employee training materials—BOA0251-416.

**B. Exhibits Plaintiffs May Offer if the Need Arises**

74. Affidavit of Michael Foster dated September 20, 2013—attached to Defendant's Motion for Summary Judgment

75. Defendant's Response to Plaintiffs' First Set of Interrogatories

76. Defendant's Response to Plaintiffs' Third Set of Interrogatories

77. Defendant's Response to Plaintiffs' First Request for Admissions

78. Defendant's Response to Plaintiffs' Second Request for Admissions

79. Defendant's Response to Plaintiffs' Third Request for Admissions

80. Chapter 13 Bankruptcy Case Information: Account Ledger—RESRFP4.

81. Chapter 13 Bankruptcy Case Information: Account Ledger—RESRFP26-27.

82. The Assignment of Mortgage for the Subject Property.

83. Bank record showing account balance.

84. Bank of America, N.A.'s Response to the Debtors' Motion for Contempt and Sanctions (Doc. 71) filed in <u>In re Ronald W. Goodin et al.</u>, Case No. 3:09-bk-1061-PMG

85. Online Banking Accounts Overview printout—RESRFP25.

86. Check from Defendant to Plaintiffs for $703.31—RESRFP42-43.

87. Receipts for mailing and delivery confirmation receipts for any letters mailed by Plaintiffs identified herein.

88. Letter from Jacksonville Area Legal Aid, Inc. to Plaintiffs—RESRFP164.

89. Plaintiff's Notice of Voluntary Dismissal filed in Duval County foreclosure case no. 2012-CA-10285.

90. Affidavit of Ronald Goodin—attached to Plaintiffs' Response to Defendant's Motion for Summary Judgment.

91. Affidavit of Deborah Goodin—attached to Plaintiffs' Response to Defendant's Motion for Summary Judgment.

92. Affidavit of Michael Foster—attached to Defendant's Motion for Summary Judgment

93. Copy of docket for Duval County foreclosure case no. no. 2012-CA-10285.

94. Defendants' Request for Order and Judgment Awarding Attorney's Fees and Costs filed in Duval County foreclosure case no. 2012-CA-10285.

95. Notice of Withdrawing Defendants' Request for Order and Judgment Awarding Attorney's Fees and Costs filed in Duval County foreclosure case no. no. 2012-CA-10285.

96. Transcript of Deposition of Deborah Goodin taken August 29, 2013.

97. Transcript of Deposition of Ronald Goodin taken August 29, 2013.

98. Transcript of Deposition of Tangeia Harrell taken August 28, 2013.

99. Transcript of Deposition of Michael Foster taken September 6, 2013.

100. Any exhibits, papers, records, or writings filed with in Duval County foreclosure case no. no. 2012-CA-10285.

101. Any exhibits, papers, records, or writings filed in <u>In re Ronald W. Goodin et al.</u>, Case No. 3:09-bk-1061-PMG.

102. Any and all exhibits, papers, records, or writings attached to, filed with, or referenced in Plaintiffs' or Defendant's prior filings in this case.

103. Merger documents for BAC Home Loans Servicing, LP, into Bank of America, N.A.  http://www.fdic.gov/bank/individual/merger/2011/2011.pdf. http://www.occ.gov/static/interpretations-and-precedents/jul11/ca1003.pdf

104. Plaintiffs reserve the right to introduce any documents from Defendant's responses to requests for production that would make complete any partial document identified above from Plaintiffs' responses to Defendant's requests for production.

105. Plaintiffs reserve the right to use any exhibits listed by any other party.

106. Any newly discovered evidence, records, reports, and exhibits.

107. All papers, records, and writings provided by Defendant to Plaintiffs in this case and/or attached to pleadings, papers, motions or other filings in this case.

108. Plaintiffs reserve the right to supplement and/or amend this Exhibit List.

109. Plaintiffs reserve any and all objections to any and all exhibits listed by any other party in this action.

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on attorney for Defendant, Andrew Kemp-Gerstel, via U.S. Mail Courthouse Tower, 25th Floor, 44 West Flagler Street, Miami, FL 33130; and email akg@lgplaw.com, on January 3, 2015.

**PARKER & DUFRESNE, P.A.**

/s/ Austin Brown

- E. Warren Parker, Jr., Esquire
  Florida Bar Number: 958506
- Patricia L. Parker, Esquire
  Florida Bar Number: 958514
- Austin T. Brown, Esquire
  Florida Bar Number: 96633
  8777 San Jose Blvd., Ste. 301
  Jacksonville, Florida 32217
  Tel: (904)733-7766; Fax: (904)733-2919
  Trial Counsel for Plaintiffs