UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| RONALD GOODIN AND DEBORAH J. GOODIN,<br><br>   Plaintiffs<br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>   Defendant. | Case No. 3:13-cv-00102-TJC-JRK |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

Plaintiffs, Ronald Goodin and Deborah J. Goodin, through the undersigned counsel, pursuant to Rule 201, Federal Rules of Evidence, request this Court to take judicial notice as follows:

**BACKGROUND**

Non-jury trial of this case is set to occur in the Court's February 2015 trial term, beginning February 2, 2015. (DE 73). Plaintiffs alleged causes of action are the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Plaintiffs have alleged and are seeking punitive damages against Defendant. See Third Am. Compl. ¶ 69 (DE 26). The Court has discretion to award punitive damages in an FCCPA action where a debt collector acts with malicious intent. See, e.g., Montgomery v. Fla. First Fin. Group, Inc., No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, *10 (M.D. Fla. Aug 12, 2008) (quoting Tallahassee Title Co. v. Dean, 411 So. 2d 204, 205 (Fla. 1st Dist. Ct. App. 1982) ("Malice . . . imports a wrongful act done to inflict injury or without a reasonable cause or excuse."). The amount of punitive

damages should be "a sum of money which, according to his financial ability, will hurt, but not bankrupt." Myers v. Central Florida Investments, Inc., 592 F.3d 1201, 1216 (11th Cir. 2010) (quoting Bould v. Touchette, 349 So. 2d 1181, 1186-87 (Fla. 1977)).  A defendant's net worth is thus a factor in calculating punitive damages, and evidence of a Defendant's wealth such as balance sheets and income statements are relevant.  See, e.g., Williams v. South Lubes, Inc., No. 1:12-cv-180-SPM-GRJ, 2012 WL 6135170, *1 (N.D. Fla. Dec. 3, 2012).

## REQUEST FOR JUDICIAL NOTICE

### Standard

>   (b) Kinds of Facts That May Be Judicially Noticed.  The court may judicially notice a fact that is not subject to reasonable dispute because it:
>   >   (1) is generally known within the trial court's territorial jurisdiction; or
>   >   (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>   (c) Taking Notice. The court:
>   >   (1) may take judicial notice on its own; or
>   >   (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>   (d) Timing. The court may take judicial notice at any stage of the proceeding.

Rule 201, Fed. R. Evid.

### Analysis

Plaintiffs are requesting that the Court take judicial notice of:

1. Defendant's Schedules RC (Balance Sheet "Exhibit A") and RI (Income Statement "Exhibit B") of Defendant's fourth-quarter (end date December 31, 2013) Consolidated Report of Condition and Income for a Bank with Domestic and Foreign Offices, also known as FFIEC Call/TFR Report ("Call Report") filed with the FDIC;

2. Defendant's Schedules RC (Balance Sheet "Exhibit C") and RI (Income Statement "Exhibit D") of Defendant's third-quarter (end date September 30, 2014) Call Report filed with the FDIC; and

3. Defendant's Schedules RC (Balance Sheet) and RI (Income Statement) of Defendant's fourth-quarter (end date December 31, 2014) Call Report filed with the FDIC, which have not yet been published. Based on Plaintiff's review of previous financial documents, Plaintiffs expect that the new documents will be virtually identical, except with updated information.

The purpose of seeking judicial notice of the same documents over a range of dates is to provide an up-to-date, but not isolated timeframe of these reports. "[A] court may take judicial notice of relevant, publicly-filed SEC documents for the purpose of determining what statements those documents contained." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1287 (11th Cir. 1999); see also Universal Express, Inc. v. U.S. S.E.C., 177 Fed. App'x 52, 53 (11th Cir. 2006). The documents of which Plaintiffs request judicial notice are not subject to reasonable dispute because: 1) The FDIC is responsible for overseeing insured financial institution adherence to Federal Financial Institutions Examination Counsel's reporting requirements; 2) the Reports of Condition and Income are required by statute and collected by the FDIC under Section 1817(a)(1) of the Federal Deposit Insurance Act; 3) the FDIC collects, corrects, updates, and stores Reports of Condition and Income data on a quarterly basis; 4) Reports of Condition and Income data are a widely used source of timely and accurate financial data regarding a bank's condition and the results of its operations—used by the public, Congress, state banking authorities, researchers, bank rating agencies, and the academic community; 5) The FDIC is fully responsible for maintaining

an accurate and up-to-date Reports of Condition and Income database; and so on.[1] The documents in question can be found through the FDIC's website.[2]

Plaintiffs are not requesting judicial notice of the data for the truth of the matter asserted at this time, but rather to establish the existence and authenticity of these documents. Plaintiffs will later establish the admissibility of the contents of the documents as to hearsay, and so on.

WHEREFORE, Plaintiffs respectfully request that this Court take judicial notice of the documents identified above, and or any other relief the Court deems just and proper.

---

[1] FDIC is responsible for overseeing insured financial institution adherence to FFIEC reporting requirements, including the observance of all bank regulatory agency rules and regulations, accounting principles and pronouncements adopted by the Financial Accounting Standards Board (FASB) and all other matters relating to a Reports of Condition and Income Report submission. Reports of Condition and Income are required by statute and collected by the FDIC under the provision of Section 1817(a)(1) of the Federal Deposit Insurance Act.

FDIC collects, corrects, updates and stores Reports of Condition and Income data submitted to us by all insured national and state nonmember commercial banks and state-chartered savings banks on a quarterly basis. Reports of Condition and Income data are a widely used source of timely and accurate financial data regarding a bank's condition and the results of its operations.

The information is extensively used by the bank regulatory agencies in their daily offsite bank monitoring activities. Reports of Condition and Income data are also used by the public, the Congress of the United States, state banking authorities, researchers, bank rating agencies and the academic community. FDIC is fully responsible for maintaining an accurate and up-to-date Reports of Condition and Income data base readily available to all users.

The Reports of Condition and Income data are the only publicly available source of information regarding the status of U.S. banking system; therefore, the FDIC's actions in this regard are of paramount importance, and every precautionary measure is taken to preserve data integrity and accuracy.

<u>Reports of Condition and Income Forms and User Guides</u>, Federal Deposit Insurance Corporation (Jan. 8, 2015), https://www.fdic.gov/regulations/resources/call/index.html.

[2] Go to https://www2.fdic.gov/Call_TFR_Rpts/; click "Call Report and Thrift Financial Report (TFR) Data"; click "View or download data for individual institutions"; in the search menu, select "Call\TFR" for "Report", select an appropriate date range, select "Unique Identifier", select "IDRSSD" for the type of identifier, enter "480228" in the field titled "Enter the unique identifier in the field below"; and then search. Bank of America, National Association should appear, allowing the user to select which call report.

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

_____/s/ Austin Brown_____

Austin Brown, Esq.
Florida Bar No. 96633
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone: (904) 733-7766
Facsimile: (904) 733-2919
abrown@jaxlawcenter.com

**Trial Counsel for Plaintiffs**

**CERTIFICATE OF GOOD FAITH**

In accordance with M.D. Fla. Local Rule 3.01(g) and Fed. R. Civ. P. 26(c)(1), undersigned counsel has made a good faith effort to resolve the issues presented by this Request, and has fully conferred and discussed with counsel for Defendant the issues raised in this Motion, and counsel for Defendant opposes the requested relief.

_____/s/ Austin Brown_____
Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will transmit Notice of Electronic Filing to counsel of Record.

_____/s/ Austin Brown_____
Attorney