UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD GOODIN AND DEBORAH J. GOODIN,
    Plaintiffs
v.

BANK OF AMERICA, N.A.,
    Defendant.

Case No. 3:13-cv-00102-TJC-JRK

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND PLEADINGS TO CONFORM TO THE EVIDENCE

Plaintiffs, Ronald Goodin and Deborah J. Goodin, through the undersigned counsel, pursuant to Middle District of Florida Local Rule 3.01(b) respond to Defendant's Motion to Amend Pleadings to Conform to the Evidence ("Motion" Doc. 102), and state:

### INTRODUCTION

BANA seeks to amend its Answer & Affirmative Defenses (Doc. 57) 25 days after trial to raise the affirmative defense of statute of limitations. Despite waiving this defense, BANA claims that it files this Motion "out of an abundance of caution." (Motion 2.) BANA previously filed its Motion to Set Case for Trial and Implement New Scheduling Order (Doc. 60) out of "an abundance of caution" (id. at 2) reasoning that BANA was entitled to conduct additional discovery on grounds that the Court vacated the discovery deadline and expert witness deadline when the Court ordered that the "previously listed deadlines in the Case Management and Scheduling Order (Doc. 18) for dispositive and Daubert motions, all other motions including motions in limine, and for a joint final pretrial statement are hereby VACATED." (Doc. 51.) The present Motion is likewise frivolous and wasteful of the Court's and Plaintiffs' time.

**STANDARD**

Rule 8(c)(1) provides a party must raise the affirmative defense of statute of limitations when responding to a pleading. Fed. R. Civ. P. "It is well established that a statute of limitations defense is an affirmative defense, and failure to assert an affirmative defense, in compliance with Rule 8(c) Fed. R. Civ. P., constitutes a waiver. Am. Nat'l Bank v. FDIC, 710 F.2d 1528 (11th Cir. 1983); see Rule 8(c), Fed. R. Civ. P." In re Pugh, 202 B.R. 792, 795 (Bankr. M.D. Fla. 1996). The statute of limitations is an affirmative defense which must be specifically pled, and failure to plead the defense constitutes waiver. Day v. Liberty Nat'l Life Ins. Co., 122 F. 3d 1012, 1015 (11th Cir. 1997).

Rule 15(b)(2)—Amendments During and After Trial—provides:

> (1) Based on an Objection at Trial. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.
>
> (2) For Issues Tried by Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P.

**MEMORANDUM OF LAW AND ARGUMENT**

BANA did not raise or imply the statute of limitations defense in its Answer & Affirmative Defenses ("Answer" Doc. 57), in any other pleading or filing, or orally in Court. BANA did not

even elude to the defense, which is required to be specifically pleaded. As such, Rule 8(c)(1) and the case law interpreting the same provides that BANA waived the statute of limitation defense.

BANA seeks to raise the affirmative defense after trial—and on the day that the Parties' respective proposed findings of fact and conclusions of law were due—by relying on Rule 15(b), Amendments During and After Trial. Rule 15(b)(1) provides that the Court may permit amendment of the Answer if BANA raised the issue at trial and the Goodins objected to the same. BANA did not raise any such issues and BANA did not object to the same. Thus, Rule 8(c)(1) is inapplicable.

Rule 8(c)(2) provides that an issue must be treated as if it were raised in the pleadings when the issue is tried by the parties' express or implied consent. Thus, the 'elements' BANA must establish here are: 1) un-pleaded issue; and 2) tried by the Parties' express or implied consent. BANA satisfies the first element because it did not plead the statute of limitations defense. But, BANA fails on the second element.

BANA shifts from the proper scope by attempting to establish that the Goodins failed to please something. BANA's logic begins on Page 4 of the Motion with the proposition that:

> The Goodins' alleged in their Third Amended Complaint that Bank of America's alleged FDCPA and FCCPA violations stemmed from debt collection communications and a suit to foreclose. However, the Goodins testified at trial that Bank of America's failure to file a transfer of claim in their bankruptcy matter was itself a violation of the FDCPA and FCCPA that caused their emotional distress. Since these contentions were not raised in the Third Amended Complaint, Bank of America did not plead the statute of limitations as an affirmative defense in its Response in Opposition and Answer to the Third Amended Complaint.

First, BANA does not cite to any portion of the record to allow the Goodins to locate the purportedly new theory that was raised at trial so the Goodins find it difficult to address that specific contention. Nonetheless, the Goodins do not recall testifying or arguing that the failure to

file a transfer of claim was a *per se* violation of the FDCPA or FCCPA. The Goodins can stipulate, and hereby do stipulate, that the failure to file a transfer of claim in itself does not constitute a violation of the Acts. As such, BANA's Motion is rendered moot, as BANA states on Page 4 of its Motion, "Since these contentions were not raised in the Third Amended Complaint, Bank of America did not plead the statute of limitations as an affirmative defense in its Response in Opposition and Answer to the Third Amended Complaint." Thus, BANA states that it otherwise sees no reason why it would have raised the statute of limitations—problem solved.

To be clear, though, the Goodins' position here merely cuts to the heart of BANA's disingenuous positon meant to conceal BANA's failure to pay due attention to the Case and properly raise the affirmative defense that it overlooked until it was finalizing its proposed findings of fact and conclusions of law. Because if it were the Goodins' position that BANA's failure to file a transfer of claim were a violation of the Acts, the Goodins' sufficiently alleged such a proposition. See 3rd Am. Compl. ¶¶ 24, 29, 32, 33, 45, 47, 51, 53, 54, 61, 63, 67, 69, 70. The Goodins could not have been any clearer than this: "Beginning August 26, 2009, Defendant began improperly default servicing Plaintiffs' loan, and have [sic] continued to do so for a period of four years." Id. ¶¶ 45, 61.

With that said, the Goodins maintain with full force their position crystalized in their proposed findings of fact and conclusions of law, on pages 2, 12, and 14, among others: "This failure by BANA is the fountainhead from which all subsequent FDCPA and FCCPA violations flowed. (Tr. vol. 1, 151:19-152:13.[])"; "It follows that every representation that BANA made in connection with the Loan, beginning with the transaction history that included improper late fees and negative escrow balance in November of 2009, was false, deceptive, and misleading to the extent that it stated or implied that the Goodins owed principal, interest, fees, costs, or other sums

that stem from BANA's failure to obtain and apply the unclaimed funds." The Goodins seek retribution for all damages that flow from any debt collection violation that stemmed from BANA's failure to file a transfer of claim from August 26, 2009 forward; this is what they alleged, and this is what they proved.

Although BANA's Motion is disposed of at this point, the Goodins continue their analysis to be complete. Although it is unclear, on Pages 4 and 5 of the Motion, BANA next seems to contend that the Parties tried the statute of limitations defense by express or implied consent. If so, BANA, argues that expressed or implied consent occurred as follows:

- "The parties therefore agreed to the application of the FDCPA and FCCPA including FDCPA section 1692k(d) and FCCPA section 559.72(4), regarding the statute of limitations defenses" where "the Joint Pretrial Statement cites both the FDCPA and FCCPA in the section entitled 'Concise Statement of Applicable Principals of Law on Which there is Agreement.'" (Doc. 75, 15 ¶¶ 30, 31.) In other words, because the words "FDCPA" and "FCCPA" appear in the Joint Pretrial Statement, the Parties consented to trying the affirmative defense of statute of limitations, which is required to be specifically alleged.

- The Parties consented to trying the affirmative defense of statute of limitations because Paragraph 62 on Page 19 of the Joint Pretrial Statement (Doc. 75) states, "Whether Defendant's alleged conduct violated the FCCPA—section 559.72(9), Florida Statutes. More specifically, whether Defendant made any claim, attempt, or threat to enforce a debt while knowing the debt was not legitimate, and/or whether Defendant made any assertion of the existence of some other legal right while knowing that such a right did not exist."

- The Parties consented to trying the affirmative defense of statute of limitations because in its Answer, BANA denied that BANA's actions were done "wholly without cause or excuse."

BANA concludes by stating that because of the immediately preceding angle above, "the Goodins were on notice of the applicability of the statute of limitations. . . . The Goodins had the opportunity to present evidence of why the statute of limitations should not bar all of a portion of their claim. They elected not to present such evidence." (Motion 5.) So BANA did raise the affirmative defense, the Goodins had notice of the same, the Goodins failed to present evidence in opposition, and BANA is seeking leave to amend its Answer to allege the affirmative defense? This is bold: BANA did not care to put thought into its Answer, never even uttered or implied the phrase "statute of limitations," wastes everybody's time with this Motion, and then tells the Goodins that they erred in not presenting evidence in opposition.

BANA's Motion is disposed of at this point, but to be complete, they finish their analysis. BANA contends that the Goodins will not be prejudiced by the Court granting the Motion. To the contrary, the Goodins would be prejudiced. They developed their case through the Answer, the Joint Pretrial Statement, BANA's Pre-Trial Brief, and so on without BANA ever mentioning or implying the concept of statute of limitations. Finally, because BANA raised this Motion on the day that the proposed findings of fact and law were due, the Goodins did not even get the chance to brief the Court on the issue—with the evidence that was adduced at trial in mind.[1]

---

[1] The Goodins would likely raise a counter-arguments along the lines of continuing violation, the statute of limitations for which would not begin to run until the continuing violation is complete; or whether the point at which the statute of limitations begins to run is governed by the some form of discovery doctrine. The Goodins are not sure, and are not hereby committing to any position—no research has been done.

## CONCLUSION

The Goodins pleaded the issues about which BANA is concerned. BANA neglected to put careful consideration into its Answer such that it failed to raise the statute of limitations defense, which is required to be raised or it is waived. BANA did not even mention the defense in any way at any time. BANA then filed this Motion 25 days after trial, with thoughtless and flawed logic, the day that the proposed findings of fact and law were due. The arguments BANA raises are absurd. BANA waived the defense and failed to meet its burden on this Motion.

Plaintiffs respectfully request that this Court deny Defendant's Motion, and/or provide any other relief the Court deems proper.

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**
    **/s/ Austin Brown**
Austin Brown, Esq.
Florida Bar No. 96633
E. Warren Parker, Jr., Esq.
Florida Bar No. 958506
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone: (904) 733-7766
Facsimile: (904) 733-2919
*abrown@jaxlawcenter.com*
*parker@jaxlawcenter.com*
Trial Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will transmit Notice of Electronic Filing to counsel of Record.

    /s/ Austin Brown
    Attorney